United States District Court
Southern District of Texas

**ENTERED**

June 16, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JORGE GONZALEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-CV-01206 |
| | § | Criminal Action No. 4:20-CR-0453 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Pending before the Court is Petitioner Jorge Gonzalez's Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Civil Document No. 3, Criminal Document No. 57). Having considered the motion, submissions, and applicable law, the Court determines that the Petitioner's motion should be denied.[1]

## I. BACKGROUND

On September 17, 2020, Petitioner Jorge Gonzalez ("Gonzalez") was charged in a one-count indictment with possession of a controlled substance, fifty grams or more of methamphetamine, with the intent to distribute in violation of Title 21,

---

[1] The Court notes Respondent's request for an evidentiary hearing on the limited issue of whether Gonzalez received ineffective assistance of counsel based on defense counsel's alleged failure to file a timely notice of appeal. *See United States' Memorandum in Opposition to Petitioner's 28 U.S.C. § 2255 Motion and Request for a Limited Evidentiary Hearing*, Document No. 60 at 20. Considering the Court's findings herein, the Court determines that the Government's request should be denied as moot.

U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii).[2] On May 14, 2021, Gonzalez plead guilty to the one count with which he was charged.[3] On November 19, 2021, this Court sentenced Gonzalez to a total term of imprisonment of 210 months, with five years of supervised release to follow.[4] On September 19, 2022, Gonzalez filed his notice of appeal.[5] In the United States Court of Appeals for the Fifth Circuit, appellate counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), arguing that the appeal presented no non-frivolous issues to adjudicate. In a *per curiam* decision, the Fifth Circuit remanded Gonzalez's appeal, instructing this Court to allow Gonzalez to file an amended motion for ineffective assistance of counsel.[6] On April 29, 2024, Gonzalez moved, *pro se,* to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[7]

---

[2] *See Indictment*, Criminal Document No. 1 at 1–2.

[3] *See Minute Entry for Re-Arraignment Proceedings*, Criminal Document No. 22 at 1.

[4] *See Judgment*, Criminal Document No. 36 at 1–6.

[5] *Pro Se Petitioner Jorge Gonzalez's Notice of Appeal*, Criminal Document No. 38 at 1.

[6] *Order of United States Court of Appeals for the Fifth Circuit*, Criminal Document No. 51.

[7] *See Pro Se Petitioner Jorge Gonzalez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, Criminal Document No. 57 at 1–19.

## II. STANDARD OF REVIEW

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Mimms*, 43 F.3d 217, 219 (5th Cir. 1995) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). Even if a defendant alleges a constitutional error, he may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the error. *United States v. Frady*, 456 U.S. 152, 167 (1982); *see also United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995). A petitioner must show "cause" to explain the reason why the objection was not made at trial or on direct appeal and show "actual prejudice" was suffered from the alleged errors. *Frady*, 456 U.S. at 167. To prove "cause," a petitioner must show an external obstacle prevented him from raising his claims either at trial or on direct appeal. *McCleskey v. Zant*, 499 U.S. 467, 497 (1991). To prove "actual prejudice," the petitioner must show he has suffered an actual and substantial disadvantage. *Frady*, 456 U.S. at 170.

To succeed under the "cause" and "actual prejudice" standard, a petitioner must meet a "significantly higher hurdle" than the plain error standard required on direct appeal. *Id.* at 166. This higher standard is appropriate because once the petitioner's chance to direct appeal has been exhausted, courts are allowed to

3

presume the petitioner was fairly convicted. *Id.* at 164; *see also United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (presuming defendant to be fairly and finally convicted after direct appeal). Ineffective assistance of counsel, if shown and applicable, will satisfy the requisite cause and prejudice. *Acklen*, 47 F.3d at 742. Additionally, a claim for ineffective assistance of counsel is properly brought for the first time in a § 2255 motion, *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc).

### III. LAW & ANALYSIS

Gonzalez moves, *pro se*, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on five grounds: (1) Gonzalez's counsel was ineffective in failing to file a notice of appeal ("Claim One"); (2) Gonzalez's counsel "was infective in failing to seek deviation from the Guidelines to ensure his offense level was calculated for methamphetamine mixture rather than actual methamphetamine" ("Claim Two"); (3) Gonzalez's counsel "was infective in failing to object to upward variance." ("Claim Three"); (4) Gonzalez's counsel failed to object to an upward variance "due to prior charges for which guilt was not established" ("Claim Four"); and (5) Gonzalez's counsel "was ineffective because he failed to object when the

4

Court hampered his right to allocute" ("Claim Five").[8] In response, the Government contends that Defense counsel did not provide ineffective assistance of counsel at sentencing, and notes for the Court the Supreme Court's strong guidance that courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the Court will consider, in turn, each of Gonzalez's claims.

## A    Claim One

Gonzalez first contends that his defense counsel, Mr. Walter McNab Miller, IV, was ineffective by failing to file a notice of appeal. The Court analyzes an allegation of ineffective assistance of counsel in a § 2255 motion under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984); *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). The movant must show his counsel's performance was both deficient and prejudicial to prevail on an ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 700; *Willis*, 273 F.3d at 598. To show deficiency, the movant must show his counsel's assistance was outside a broad range of what is considered reasonable. *Strickland,* 466 U.S. at 669. To establish

---

[8] *See Pro Se Petitioner Jorge Gonzalez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, Criminal Document No. 57 at 13–18.

prejudice, the petitioner "must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 694). Thus, when a petitioner challenges his conviction, this issue is whether "a reasonable probability exists that the jury would have had a reasonable doubt as to guilt." *Hernandez v. Johnson*, 213 F.3d 243, 249 (5th Cir. 2000). "This is a heavy burden which requires a 'substantial,' and not just a 'conceivable,' likelihood of a different result. *United States v. Wines*, 691 F.3d 599, 604 (5th Cir. 2012). "Counsel's errors must be 'so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable.'" *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 687). The movant must prove both prongs of the analysis: counsel tendered deficient performance and the movant suffered prejudice. *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997).

Here, the Court has considered Claim One and noted Gonzalez's contention that Mr. Miller was ineffective by failing to file an appeal after the sentencing hearing in this case. The Government notes for the Court Gonzalez's willing and voluntary plea of guilty at the Court's May 19, 2021 Re-Arraignment Hearing, in which Gonzalez signed a plea agreement with the Government, on the record, in which he waived his right to appeal or collaterally attack his conviction and sentence

6

on any ground other than for ineffective assistance of counsel. The Government further notes for the Court that Gonzalez entered a plea of guilty after affirmatively answering a plethora of inquiries from the Court to ensure his plea was made knowing and voluntarily. Gonzalez now brings a claim for ineffective assistance of counsel against Mr. Miller for failing to file an appeal, despite Gonzalez's express understanding, on the record, that he waived his right to appeal at the Court's May 19, 2021 Re-Arraignment Hearing. Having considered the foregoing, the Court finds that Gonzalez has failed to show Mr. Miller's decision not to file a notice of appeal was either deficient or prejudicial as required under binding Fifth Circuit precedent. Thus, the Court finds that Claim One should be denied. The Court now turns to address Claim Two.

B.    *Claim Two*

Gonzalez contends that his attorney was ineffective by "failing to seek deviation from the Guidelines to ensure his offense level was calculated for methamphetamine mixture rather than actual methamphetamine."[9] In response, the Government notes for the Court a swath of binding precedent from the United States Court of Appeals for the Fifth Circuit, affirming the use of the Federal Drug Tables

---

[9] *See Pro Se Petitioner Jorge Gonzalez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, Criminal Document No. 57 at 14.

distinction between actual methamphetamine and methamphetamine mixtures in sentencing guideline calculations. *See United States v. Molina*, 469 F.3d 408, 413–14 (5th Cir. 2006) (holding that the sentencing disparity created by the ten to one ratio between actual methamphetamine and a substance containing methamphetamine is not irrational or arbitrary and does not violate the Due Process Clause); *see also United States v. Alcala*, 668 Fed. Appx. 83 (5th Cir. 2016) (affirming the usage of the Federal Drug Equivalency Tables for Schedule I and II stimulants); *see also United States v. Foulks*, 747 F.3d 914, 915 (5th Cir. 2014) (noting that "[i]n the case of a mixture or substance containing ... methamphetamine, use the offense level determined by the entire weight of the mixture or substance, or the offense level determined by the weight of the ... methamphetamine (actual), whichever is greater.").

The Government also contends that Gonzalez fails to demonstrate how his defense counsel was ineffective for failing to move for a downward variance, because this Court had already made clear at the Sentencing Hearing that the imposed sentence of 210 months of incarceration was an appropriate term in light of the relevant sentencing factors. Having considered the foregoing, the Court finds that Gonzalez has failed to show Mr. Miller's decision not to move for a downward variance at sentencing was either deficient or prejudicial as required under binding

Fifth Circuit precedent. Thus, the Court finds that Claim Two should be denied. The Court will now consider Claims Three and Four.

## C.    Claims Three and Four

Gonzalez further contends that Mr. Miller was ineffective by failing to object to an upward variance Gonzalez believes was imposed by this Court. In response, the Government contends that such objection would be frivolous, as this Court sentenced Gonzalez within the guideline range.

A review of the Final Presentence Investigation Report in this matter reveals that Gonzalez's guideline range was between 188 and 235 months of incarceration.[10] The Court further notes the actions taken at the November 19, 2021 Sentencing Hearing, in which the Court considered the possibility of implementing an upward variance in this case, but ultimately sentenced Gonzalez to a term of 210 months of incarceration, a sentence well within the guideline range.[11] Therefore, the Court finds that Gonzalez cannot show that his counsel was ineffective for failing to object to the imposition of an upward variance that was never imposed, or that he was prejudiced by such alleged failure. Thus, the Court finds that Claim Three and Four should be denied. The Court will now consider Claim Five.

---

[10] *See Final Presentence Investigation Report*, Criminal Document No. 28 at 16.

[11] *See Transcript of November 19, 2021 Sentencing Hearing*, Criminal Document No. 47 at 1–15.

## D.   Claim Five

Gonzalez's last contention is that Mr. Miller "was ineffective because he failed to object when the court hampered his right to allocute."[12] Gonzalez further contends that the Court interrupted Gonzalez and refused to allow counsel to offer evidence. The Government contends that Mr. Miller was not ineffective for failing to object when this Court, allegedly, prevented Gonzalez from discussing his pending state court charges at sentencing. A review of the transcript of the Sentencing Hearing in this case reveals that the Court did not prevent Gonzalez or defense counsel from discussing relevant information during sentencing.[13] The Court notes the unambiguous language in the transcript, showing that: (1) Mr. Miller was provided an opportunity to argue for an appropriate sentence; and (2) Gonzalez was permitted to speak, at length, with the assistance of Mr. Miller.[14] The Court further notes that the Court at no point stated in any way, shape, or form, that Gonzalez was precluded from discussing his pending felony charges in state court at sentencing. Having considered the foregoing, the Court finds that Gonzalez has

---

[12] *See Pro Se Petitioner Jorge Gonzalez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, Criminal Document No. 57 at 17.

[13] *See Transcript of November 19, 2021 Sentencing Hearing*, Criminal Document No. 47 at 1–15.

[14] *Id.*

10

failed to show that Mr. Miller's actions during Gonzalez's allocution was either deficient or prejudicial as required under binding Fifth Circuit precedent.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Petitioner Jorge Gonzalez's Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Civil Document No. 3, Criminal Document No. 57) is **DENIED**.[15]

SIGNED at Houston, Texas, on this __*16*__ day of June, 2026.

DAVID HITTNER
United States District Judge

---

[15] A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes reasonable jurists would not find its assessment of the claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether . . . the petitioner should have been resolved in a different manner . . . ."). Because Gonzalez does not allege facts showing his claim could be resolved in a different manner, a certificate of appealability will not be issued.